Carll v. McClain Industries          CV-00-233-M    06/12/01
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Michelle S. Carll, Individually,
and as the Administratrix of the
Estate of Stephen A. Carll,
      Plaintiff

      v.                                    Civil No. 00-233-M
                                            Opinion No. 2001 DNH 113
McClain Industries, Inc.,
Metropolitan Waste Equipment, Inc.
and Metropolitan Truck Center, Inc.,
      Defendants


                          **O R D E R**


      Michelle Carll brings this diversity action on behalf of

herself and the Estate of Stephen A. Carll, her late husband,

seeking redress for his injuries and death, as well as for her

own loss of consortium.  Stephen Carll died as a result of

injuries sustained when he was crushed by a machine allegedly

manufactured or sold by defendants.  The Amended Complaint

asserts thirteen counts sounding in negligence, strict liability,

and warranty.  Defendants Metropolitan Waste Equipment, Inc.

("MWE"), and Metropolitan Truck Center, Inc. ("MTC"), move for

partial summary judgment on plaintiff's warranty claims (document no. 12).[1]

## **Standard of Review**

Summary judgment is appropriate when the record reveals "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  When ruling upon a party's motion for summary judgment, the court must "view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor."  Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the moving party carries its burden, the burden shifts to the

---

[1]After MWE and MTC filed their motion for summary judgment, plaintiff amended the complaint, in part, to add counts X-XIII, sounding in negligence and strict liability, against MWE and MTC. The amendment left counts V-VIII intact and does not affect the pending motion.

2

nonmoving party to demonstrate, with regard to each issue on which it has the burden of proof, that a trier of fact could reasonably find in its favor. See DeNovellis v. Shalala, 124 F.3d 298, 306 (1st Cir. 1997).

At this stage, the nonmoving party "may not rest upon mere allegation or denials of [the movant's] pleading, but must set forth specific facts showing that there is a genuine issue" of material fact as to each issue upon which he or she would bear the ultimate burden of proof at trial. Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)). In this context, "a fact is 'material' if it potentially affects the outcome of the suit and a dispute over it is 'genuine' if the parties' positions on the issue are supported by conflicting evidence." Intern'l Ass'n of Machinists and Aerospace Workers v. Winship Green Nursing Center, 103 F.3d 196, 199-200 (1st Cir. 1996) (citations omitted).


## Factual Background

Stephen Carll was employed by Browning Ferris Industries ("BFI") as a refuse collector. BFI owned the truck he was using in the course of his employment in June of 1997. That truck bore

3

the serial number 710001. It was equipped with an EZ Pack truck body, manufactured by Gallion Solid Waste Equipment, Inc. ("Gallion") (currently known as McClain EZ Pack, Inc.) and purchased from defendant MWE. Defendant McClain Industries, Inc. ("McClain") is the parent company of Gallion.

The EZ Pack truck body consists of a storage container with side compartments. In normal use, a refuse collector loads the side compartments with recyclables. The side compartments then rise up the storage container, tilt toward the opening in the top of the storage container, and dump the recyclables in. Inside the storage container, a hydraulic plunger compacts the recyclables. A steel guide bar runs across the top of each side compartment.

On June 13, 1997, Stephen Carll reported to a coworker that he was experiencing problems with the hydraulic plunger inside the storage container of truck no. 710001. Attempting to fix the problem, he stood on the raised side compartment and leaned into the storage container, thereby placing his body below the steel guide bar. While in that position, the side compartment began to drift downward, reducing the space between the steel guide bar and the top of the storage container, eventually trapping and

4

crushing him.  He later died as a result of the injuries he sustained.

## **Discussion**

Counts V-VIII allege MWE and MTC breached implied warranties of merchantability and of fitness for a particular purpose (the "warranty counts").  MWE and MTC move for summary judgment on the warranty counts, arguing that the statute of limitations expired in 1996.  They additionally say MTC is entitled to summary judgment because it played no role in the sale of truck no. 710001.  Plaintiff objects, stating that she is entitled to the benefit of the discovery rule.  She also objects to summary judgment at this stage because she has not had adequate time to conduct discovery.

I.    Statute of Limitations

MWE and MTC rely on N.H. Rev. Stat. Ann. ("RSA") ch. 382-A:2-725 as the statute of limitations applicable to plaintiff's warranty claims.  In her opposition to summary judgment, plaintiff contends that RSA 508:4 is the applicable statute of limitations because her claims sound in tort rather than

contract. However, while plaintiff briefs the application of RSA 382-A:2-725 in her supporting memorandum, she has not briefed her contention that RSA 508:4 should determine the limitations issue. In any event, RSA 508:4 does not establish the limitations period for warranty claims. See, e.g., 8 Richard B. McNamara New Hampshire Practice: Personal Injury § 256 ("The statute of limitations governing products liability actions predicated on a theory of breach of warranty is four years . . . . The breach of a warranty occurs when tender of delivery is made, regardless of the aggrieved party's knowledge of the breach.").

Counts V-VIII of the complaint invoke RSA 382-A:2-314 and 2-315, subsections of New Hampshire's version of Article 2 of the Uniform Commercial Code ("UCC") imposing implied warranties of merchantability and fitness for a particular purpose on all contracts for the sale of goods. Breach of those warranties is actionable under RSA 382-A:2-714 to recover incidental or consequential damages, including the type of damages plaintiff seeks here. See RSA 382-A:2-714, :2-715; Xerox Corp. v. Hawkes, 124 N.H. 610, 616 (1984). RSA 382-A:2-725 prescribes the "Statute of Limitations in Contracts for Sale." It states:

> (1) An action for breach of any contract for
> sale must be commenced within four years

6

after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.
(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.
. . . .
(4) This section does not alter the law on tolling of the statute of limitations nor does it apply to causes of action which have accrued before this chapter becomes effective.

Id.

This action was filed on May 12, 2000. Accordingly, delivery of truck no. 710001 must have been tendered after May 12, 1996, if plaintiff is to avoid the four year limitations bar. Because the limitations bar is an affirmative defense, the burden is on defendants to show that plaintiff's suit is untimely. See Federal Deposit Insurance Corp. v. Cardona, 723 F.2d 132, 134 (1st Cir. 1983). In the context of summary judgment, this means MWE and MTC must demonstrate that "no reasonable jury could find otherwise even when construing the evidence in the light most

7

favorable to the non-movant." Murphy v. Franklin Pierce Law Center, 882 F. Supp. 1176, 1180 (D.N.H. 1994).

Tender of delivery is normally determined by the delivery terms of the contract. See RSA 382-A:2-503(1). Depending on the delivery terms, it is possible for tender of delivery, for statute of limitations purposes, to occur after physical delivery of the goods. See, e.g., H. Sand & Co. v. Airtemp Corp., 934 F.2d 450, 454 (2d Cir. 1991); see also James J. White and Robert S. Summers, Uniform Commercial Code § 3-5, at 130 ("White & Summers").

If the contract is silent as to delivery terms, the UCC fills in the gap via § 2-503. White & Summers § 3-5, at 130; see RSA 382-A:2-503. Under this section, "[t]ender of delivery requires the seller put and hold conforming goods at the buyer's disposition and give the buyer any notification reasonably necessary to enable him to take delivery." RSA 382-A:2-503(1). Additional guidelines are provided for specific situations, such as shipment or destination contracts. See RSA 382-A:2-503(2)-(5).

Here, plaintiff argues that MWE and MTC have not met their burden of establishing the date delivery was tendered. MWE and

8

MTC counter in their memorandum that delivery was tendered "on or around September 28, 1992, the day the truck was placed in service." MWE and MTC's motion for summary judgment at 4. They rely on an MWE invoice for the sale of truck no. 710001 (in addition to two other trucks) to BFI dated September 17, 1992, and a check stub from BFI, referencing the invoice, for full payment, dated September 24, 1992, submitted by affidavit. See MWE and MTC's motion for summary judgment, Affidavit of Gil LeDoux ("LeDoux Aff.").

Although it is reasonable to infer that tender of delivery of truck no. 710001 was complete around the time the check was written (more than seven years before this action was filed), the invoice and check stub are not necessarily proof of tender of delivery which is dependant upon any delivery terms that may have been included in the contract. There is no information in the record concerning delivery terms, and MWE and MTC have not invoked the gap filler. More importantly, as discussed below, the timing of MWE and MTC's motion for summary judgment precluded plaintiff from conducting discovery prior to responding to the motion, making it difficult for her to respond effectively. Accordingly, on this record, MWE and MTC are not entitled to

9

summary judgment based on statute of limitations (but can probably clear the minor hurdle remaining without much difficulty).

II. MTC's Role

MWE and MTC also claim that MTC is entitled to summary judgment on the warranty counts because it is in the business of servicing trucks and played no role in the sale of truck no. 710001. In his sworn affidavit, Gil LeDoux, the president of MWE, states "Metropolitan Truck Center, Inc. services various trucks. It did not sell the vehicle in question to Browning Ferris Industries." LeDoux Aff. ¶ 3. Relying on the plain language of Rule 56(c), plaintiff opposes summary judgment because she "has had no opportunity to conduct any discovery as to the involvement of [MTC] in the provision of the refuse truck to BFI." Plaintiff's objection to summary judgment at 4.

Although Rule 56(b) allows a motion for summary judgment at any time, some support exists for the proposition that a motion for summary judgment is premature if there has been no time for discovery, and discovery could be useful in opposing the motion. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) ("the

10

plain language of Rule 56(c) mandates the entry of summary judgment, <u>after</u> <u>adequate</u> <u>time</u> <u>for</u> <u>discovery</u>" (emphasis added)). Here, the parties agreed to a discovery schedule on November 6, 2000. Plaintiff was precluded from conducting any discovery prior to that date. <u>See</u> Fed. R. Civ. P. 26(d) ("a party may not seek discovery from any source before the parties have conferred as required by 26(f)"); L.R. Civil Form 1, Civil Case Management Deadlines (stating that discovery may not commence until "[a]fter Fed. R. Civ. P. 26(f) conference"). MWE and MTC filed their summary judgment motion ten days later, on November 16, 2000.

Generally speaking, "[a]ny potential problem with . . . premature motions [for summary judgment] can be adequately dealt with under Rule 56(f),[2] which allows a summary judgment motion to be denied, or the hearing on the motion to be continued, if the nonmoving party has not had an opportunity to make full

---

[2]Fed. R. Civ. P. 56(f) states:

> When Affidavits are Unavailable. Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

11

discovery . . . ." <u>Celotex Corp.</u>, 477 U.S. at 326.  Normally, a Rule 56(f) motion must:

> (1) be made within a reasonable time after the filing of the summary judgment motion;
>
> (2) place the district court on notice that movant wants the court to delay action on the summary judgment motion, whether or not the motion cites Rule 56(f);
>
> (3) demonstrate that movant has been diligent in conducting discovery, and show good cause why the additional discovery was not previously practicable with reasonable diligence;
>
> (4) set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist, and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion; and
>
> (5) attest that the movant has personal knowledge of the recited grounds for the requested continuance.

<u>Simas v. First Citizens' Federal Credit Union</u>, 170 F.3d 37, 45 n.4 (1st Cir. 1999) (internal citations and quotation marks omitted); <u>see</u> <u>Resolution Trust Corp. v. North Bridge Assoc.</u>, 22 F.3d 1198, 1202-03 (1st Cir. 1994).

Plaintiff has certainly not made as clear a claim for relief under Rule 56(f) as she might have, but the rule is designed to provide, in appropriate circumstances, "an <u>additional</u> interval in which to marshal facts essential to mount an opposition." <u>Resolution Trust Corp.</u>, 22 F.3d at 1203 (emphasis added).

12

Extensions of time are not appropriate, of course, where parties have not been diligent in their discovery efforts, or are merely attempting to delay the proceedings, or are blindly searching for information. <u>See, e.g.</u>, <u>id.</u> Those are not concerns here, however, where plaintiff, invoking Rule 56(c) and not 56(f), is objecting because she effectively had <u>no</u> time to conduct discovery, as she is entitled to do under Rule 26. Moreover, even if plaintiff's objection is construed as a request for relief under Rule 56(f), the court may relax the criteria to fit the facts of the particular case, in its discretion. <u>Resolution Trust Co.</u>, 22 F.3d at 1203. Accordingly, although MWE and MTC's motion for summary judgment appears facially meritorious, it is a bit premature under the circumstances.

## Conclusion

MWE and MTC may well establish that the applicable statute of limitations bars plaintiff's breach of implied warranty claims. However, because it is not inconceivable that material facts could prove to be disputed (with regard to the limitations bar and MTC's lack of involvement in the sale of truck no.

13

710001), and plaintiff has had no opportunity to discover pertinent facts, the motion is premature.

The court notes, however, that six months have elapsed since the original motion was filed, and plaintiff should have been pursuing discovery during the interim. Accordingly, MWE and MTC's motion for summary judgment (document no. 12) is denied, without prejudice. Defendants may resubmit their motion, should they so choose (and assuming plaintiff does not concede the points made), after thirty days have elapsed from the date of this order, with appropriate supplementation to address the issues discussed herein.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

June 12, 2001

cc:   Stephen C. Buckley, Esq.
      James Q. Shirley, Esq.
      Russell F. Hilliard, Esq.

14